OPINION
On December 29, 1998, the Stark County Grand Jury indicted appellant, Gary Young, on one count of aggravated murder in violation of R.C.2903.01. Said charge arose from the death of Randy Holman, found lying in the street outside the Three Star Tavern in Massillon, Ohio. Mr. Holman had been beaten and his clothes had been set on fire.
A jury trial commenced on March 22, 1999. The jury found appellant guilty of involuntary manslaughter in violation of R.C. 2903.04. By judgment entry filed March 31, 1999, the trial court sentenced appellant to ten years in prison. This court affirmed the conviction and sentence. See, State v. Young (July 3, 2000), Stark App. No. 1999CA00122, unreported.
On March 23, 2000, appellant filed a petition to vacate or set aside sentence and conviction pursuant to R.C. 2953.21. Appellee, the State of Ohio, filed a response and motion for summary judgment on November 9, 2000. By judgment entry filed December 14, 2000, the trial court granted the motion for summary judgment and dismissed appellant's petition.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN THE TRIAL COURT GRANTED SUMMARY JUDGMENT TO APPELLEE ON APPELLANT'S FOURTH CAUSE OF ACTION AND DISMISSED THE PETITION FOR POST CONVICTION RELIEF WITHOUT A HEARING AS THE PETITION, THE AFFIDAVITS, THE DOCUMENTARY EVIDENCE, THE FILES AND THE RECORDS DEMONSTRATE THAT THE PETITIONER SET FORTH SUFFICIENT OPERATIVE FACTS TO ESTABLISH SUBSTANTIVE GROUNDS FOR RELIEF.
 I
Appellant claims the trial court erred in not granting him an evidentiary hearing on his motion for postconviction relief. We disagree.
R.C. 2953.21 governs petitions for postconviction relief. Subsection (C) states the following:
 The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
Appellant argues the affidavits presented with his petition were sufficient to meet the threshold requirement of "substantive grounds for relief." In State v. Calhoun (1999), 86 Ohio St.3d 279, paragraphs one and two of the syllabus, the Supreme Court of Ohio states the following regarding the review of accompanying affidavits:
 In reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact.
 Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.
Further, the Calhoun court held in "assessing the credibility of affidavit testimony," trial courts "should consider all relevant factors" including the following:
 (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.
 Calhoun at 285, citing State v. Moore (1994), 99 Ohio App.3d 748, 754-756.
In its judgment entry filed December 14, 2000, the trial court subjudice found the affidavits presented were based on hearsay and such information was available to the defense prior to trial.
Appellant's petition for postconviction relief was based on the assertion that appellee withheld critical evidence from the defense prior to trial. Appellant claims the critical evidence was that an individual by the name of Tammy Jones had struck the victim's body with her vehicle while he was lying in the street, after the assault by appellant and others. Appellant argues the Massillon Police Department and Detective Bobby Grizzard in particular, were aware of Ms. Jones's statement, but did not disclose it. In fact, an affidavit suggests Detective Grizzard hindered the discovery of said statement.
An affidavit by Donald Stewart states one Dexter Jackson told him that on the evening in question, Ms. Jones told him [Mr. Jackson] she found a body lying in the street. This statement is clearly hearsay and could very legitimately be rejected by the trial court. Furthermore, the fact that Ms. Jones found the victim's body lying in the street does not establish that Ms. Jones ran over the victim's body with her vehicle. An affidavit by Ramona Young states Mr. Jackson told her a few days after the incident that Ms. Jones ran over the victim's body. There is no evidence to support the allegation that Mr. Jackson had personal knowledge of Ms. Jones running over the victim's body. An affidavit by Lareisa Hall states Ms. Jones told her she ran over a man lying in the street. If Ms. Jones was unavailable as a witness, the statement would qualify as an exception to the hearsay rule under Evid.R. 804(B)(3). However, there is nothing in the record to establish Ms. Jones was unavailable. The statement does not qualify as non-hearsay under Evid.R. 801(D)(2), admission of a party-opponent, because Ms. Jones was not a party sub judice. The statement also does not qualify under Evid.R. 801(D)(1) because Ms. Jones was not a witness or an affiant.
Therefore, we find the statement in the Hall affidavit to be hearsay.
Appellant's mother, Marandia Young, and father, Gary Young, also submitted affidavits.[1] Mr. Young states they received the knowledge of Ms. Jones's involvement "proceeding my son's trial." Mr. and Mrs. Young state Ms. Jones admitted to finding the victim's body lying in the street, asking for assistance from Mr. Dexter and talking to the police.[2] Mrs. Young's affidavit attached to appellant's petition claims Detective Grizzard called her home and told her husband that Ms. Jones "doesn't want me to call her house any more. She wants to file harrassment (sic) charges and Det. Grizzard said he would talk to me." Both Mr. and Mrs. Young state Ms. Jones told them that Detective Grizzard told her not to talk about her involvement.
The affidavits include hearsay statements of Ms. Jones and Detective Grizzard as analyzed supra. Further, Mr. Young's affidavit states the knowledge was available to the Youngs prior to trial and therefore, available to defense counsel. The affidavits do not claim that Ms. Jones told Detective Grizzard anything different than what she told the Youngs. The statements attributed to Ms. Jones are only that she found the victim's body lying in the street.
Upon review, we find the trial court did not err on ruling on the petition for postconviction relief without a hearing or abused its discretion in so denying the petition. We base this opinion on the fact that all the statements attributed to Ms. Jones are hearsay and furthermore, there are no facts alleged that Detective Grizzard suppressed any exculpatory statements.
The sole assignment of error is denied.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
FARMER, J., EDWARDS, P.J. and HOFFMAN, J. concur.
[1] Mrs. Young submitted two affidavits, one attached to appellant's petition filed on March 23, 2000, and a second on November 15, 2000.
[2] None of the affidavits state that Ms. Jones admitted to running over the victim's body while he was lying in the street.
CO HOFFMAN, J., concurring
CX I concur in the judgment reached by the majority.
Unlike the majority, I find the affidavit of Lareisa Hall should be considered despite the fact it contains hearsay. The majority determines Ms. Jones' statement would qualify as an exception to the hearsay rule under Evid. R. 804(B)(3), if it were shown Ms. Jones was unavailable as a witness. To require a demonstration of unavailability as a prerequisite to establishing the evidence was required to be disclosed pursuant to Civ. R. 16(B)(1)(f) puts the cart before the horse, and effectively circumvents the purpose of discovery. Although Ms. Jones' hearsay statement would be admissible at trial only upon a demonstration of her unavailability, her unavailability is irrelevant to whether the exculpatory evidence is required to be disclosed pretrial through discovery.
Nevertheless, I agree with the decision reached by the majority. Appellant has failed to present any evidence which demonstrates Detective Grizzard was aware Ms. Jones admitted to running over the victim's body as opposed to merely finding the victim's body lying in the street. In such absence, appellant has not demonstrated appellee failed to disclose exculpatory evidence.